[No. 12747–1–I.   Division One.   July 22, 1985.]

MILDRED J. WILSON, ET AL, *Appellants,* v. CEDRIC F. MORRISON, JR., *Respondent.*

*James J. Keesling,* for appellants.

*Jacqueline Shafer,* for respondent.

WILLIAMS, J.—This is an appeal from a judgment of the superior court awarding Mildred J. Wilson $4,315, the amount she could prove she contributed to a joint savings account held with Cedric F. Morrison, Sr. We reverse holding that Wilson is entitled to one–half the account.

The facts are that Mildred J. Wilson and Cedric F. Morrison, Sr., opened a joint passbook savings account on August 18, 1975, with an initial deposit of $2,100. Both made substantial deposits until early 1982, when Mildred discovered that Cedric's son, Cedric Morrison, Jr., had made two large withdrawals in his father's name totaling $13,868.17. When Wilson inquired at the bank an officer told her that Cedric, Jr., had made the withdrawals under the authority of a durable power of attorney signed by Cedric, Sr., on December 12, 1981. At that time he was hospitalized because of a stroke.

Mildred and Cedric, Sr., commenced this action against Cedric, Jr., to recover his withdrawals from their joint account. Cedric, Sr., voluntarily withdrew because of illness leaving Mildred as the sole plaintiff. At trial Mildred identified specific deposits totaling $4,315 as those she had made from her separate funds and was awarded judgment

for that amount and costs of $220.

■ The rule is that if there is no agreement between joint depositors in a commingled joint savings account, the ownership interest are presumptively equal.

> The peculiar features of a joint and several bank account make it difficult, if not impossible, in most cases, to determine what portion of the account belongs to each depositor. A long series of deposits which cannot be traced to their source, and a similar series of withdrawals which cannot be traced to their destination, are normally involved. . . . A joint bank account of this kind is generally a creature of contract between parties avowedly indifferent to the exact percentage of ownership between themselves. . . . joint accounts are presumed to be vested in the names as given in the deposit as equal contributors and owners in the absence of evidence to the contrary, . . .

10 Am. Jur. 2d *Banks* § 374 (1963). *See* Rutledge, *Joint Tenancy in Washington Bank Accounts,* 26 Wash. L. Rev. 116 (1951). The various deposits made by Cedric, Sr., and Mildred became commingled over a 7–year period and could not be traced to their original source. Accordingly, the presumption of equal contribution and ownership was not rebutted and Mildred is entitled to one–half of the amount with interest thereon at the legal rate. *Prier v. Refrigeration Eng'g Co.,* 74 Wn.2d 25, 442 P.2d 621 (1968) (prejudgment interest allowed on liquidated damages).

The judgment is reversed and the cause remanded with direction to enter judgment in favor of Mildred Wilson in the amount of one–half of the amount withdrawn by Cedric, Jr., plus interest.

COLEMAN, J., and HOPP, J. Pro Tem., concur.